[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16277
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60025 CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAHA MAHER ELSAAI,
a.k.a. Samia Kamel Salib,
a.k.a. Laila Saheh Taha,
a.k.a. Linda Thorlton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2006)**

Before ANDERSON, FAY and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Maha Maher Elsaai appeals her 51-month sentence imposed after she pleaded guilty to possession of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2. On appeal, she argues that the district court violated United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1]

In United States v. Rodriguez, 398 F.3d 1291(11th Cir. 2005), we stated that under Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Id. at 1297. It is not error, however, to "use . . . extra-verdict enhancements in a non-mandatory guidelines system." Id. at 1300. Thus, Booker established two types of error in sentencing: (1) the constitutional error of using extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge and (2) the statutory error of applying the Guidelines in a mandatory fashion. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

---

[1] Elsaai also challenges the district court's denial of her request for the acceptance of responsibility downward adjustment and the district court's calculation of the amount of credit card losses for purposes of sentencing. We have reviewed the record and find that the district court's determination of loss is amply supported. As for the denial of acceptance of responsibility, we hold that the district court did not commit clear error when it denied the request. The district court's characterization of Elsaai's testimony as "totally incredulous" and as defying "all logic and common sense" is supported by our reading of the record. We agree that such testimony is inconsistent with acceptance of responsibility.

We turn to the issue of whether or not Elsaai preserved her <u>Booker</u> objection below because this will govern the type of review we give these issues. Elsaai mentioned <u>Blakely</u> and <u>Apprendi</u> several times during the hearings below. However, none of these mentions was sufficient to preserve her <u>Booker</u> argument because none of them were true <u>Booker</u> objections. In the first instance, Elsaai cited <u>Blakely</u>, stating that the standard for proving the amount of losses should be beyond a reasonable doubt, and asked for the court, not a jury, to determine the amounts. Later, she backed away from using that standard: "Either standard that the Court wants to use I respect and I accept." October 1, 2004, hearing at 18.[2] Still later, Elsaai stated that "under <u>Apprendi</u> and <u>Blakely</u>, any fact that increases a sentence beyond that base offense level which now the United States Supreme Court says is the statutory maximum for the offense, has to be proven." October 7, 2004, hearing at 143. Although she incanted the correct case names, Elsaai invited the court to make the factual findings; and the court acted in the precise manner requested by Elsaai, even making its findings beyond a reasonable doubt. Therefore, because she did not preserve the issue, we review for plain error.

An appellate court may not correct an error the defendant failed to raise in

---

[2] Moreover, the district court expressly made its findings beyond a reasonable doubt, so there could be no error in that regard.

the district court unless there is: "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S.Ct. at 1785). The defendant bears the burden of proof with respect to prejudice, and he cannot survive plain error analysis unless he can show "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301.

Turning to Elsaai's constitutional claim, we find no error. Elsaai invited the court to make the factual findings itself; she invited error. See Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1294 (11th Cir. 2002) (holding that a party loses its right to object to an error on appeal when it stated that an erroneous instruction was acceptable). Therefore, we reject her constitutional Booker claim.

With respect to Elsaai's statutory Booker claim, we conclude that Elsaai cannot show that her substantial rights have been affected because she cannot point to anything in the record that demonstrates the district court would have acted differently in an advisory sentencing scheme. In fact, the district court sentenced

4

Elsaai to the top of the sentencing guidelines range and stated that "[t]he egregious conduct of the defendant in this case deserves a sentence at the top of the Guideline range." Accordingly, Elsaai's sentence is

**AFFIRMED.**